J-S26025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LESLIE MILES WEATHERS | : | |
| | : | |
| Appellant | : | No. 1609 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 12, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004317-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:         **FILED SEPTEMBER 01, 2020**

Leslie Miles Weathers appeals the judgment of sentence imposed following his conviction for trademark counterfeiting.[1] Weathers argues the court erred in denying his pre- and post-sentence motions for return of property. We affirm.

In November 2017, an Allegheny County Police Officer came across Weathers' vehicle while it was parked and running at a gas station. Upon learning that the vehicle was registered to Weathers, and that Weathers had an active warrant for his arrest, the officer attempted to locate Weathers. When the officer was unable to do so, he seized Weathers' vehicle and conducted an inventory search. Inside the vehicle, the officer discovered 16

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 4119(a)(2).

pairs of boxed shoes and boots, labeled with the branding of Nike, Ugg, and Timberland. He also found four National Football League ("NFL") jerseys and one NFL cap; other items of clothing such as a faux leather jacket and thermal shirts; thirteen pairs of sunglasses; and two cell phones. N.T (Trial), 4/29/19, at 54-56. In addition, the officer found "a number of other items in there, [that] didn't see[m] of evidentiary value or of value to protect, several cluttered papers," and "a vacuum pack bound binding of grocery bags[.]" *Id.* at 56; *see also id.* at 63.

The Commonwealth charged Weathers with four counts of trademark counterfeiting for the items bearing the marks held by the NFL, Nike, Timberland, and Ugg, respectively. The court found Weathers guilty on Count One, relating to the five NFL items, and acquitted him of the other three counts.[2]

At the conclusion of trial, Weathers moved to have any non-counterfeit items returned to him. *Id.* at 121. The court stated that it "assume[d] the Commonwealth will return any items that were not deemed by the Commonwealth to be counterfeit." *Id.* The prosecutor responded that he believed the police had already returned any non-counterfeit items to Weathers, and also said, "I would on the record extend to Mr. Weathers the ability to go and take those out of the evidence storage." *Id.* However, the Commonwealth stated that it would not return any counterfeit items without

_____

[2] The Commonwealth had also charged Weathers with one count of flight, 18 Pa.C.S.A. § 5126(a). The court found Weathers not guilty of this offense.

a hearing. *Id.* The court suggested a hearing be held at sentencing, and Weathers' attorney agreed. *Id.* at 122.

Weathers filed a *pro se* Petition for Return of Seized Property, requesting the return of "cellphone[s,] 4 pairs of boots[,] CD's + DVD's[,] and 1 yellow handbag[.]" *Pro Se* Mot., 7/15/19, at 2.

Weathers then filed a Motion for Return of Property[3] through counsel, requesting the return of seized property. The Motion did not describe the property that Weathers sought to have returned, but stated that Weathers sought to have the property that was the subject of Counts 2, 3, and 4 returned. The Motion stated that as the court only convicted Weathers on Count 1, "there has been no determination, beyond a reasonable doubt, that th[e] items [charged on other counts] were counterfeit." Sentencing Mot., 7/29/19, at ¶ 5-6. At the sentencing hearing, in accordance with the Motion, Weathers' attorney argued that Weathers was entitled to the return of the property that was seized except for the items included under Count 1. *See* N.T. (Sentencing), 7/29/19, at 6.

The court denied Weathers' Motion. The court stated on the record that although it had found Weathers not guilty of trademark counterfeiting on Counts 2, 3, and 4, it had found that the seized items giving rise to those counts were counterfeit. *See id.* at 8-9. The court also wrote, "And now

---

[3] The Motion was incorporated in Weathers' Sentencing Motion.

7/29/19 motion is hereby denied" on Weathers' filed *pro se* Petition. The court then sentenced Weathers to serve four years' probation.

Weathers filed a counseled Motion to Reconsider the court's ruling on the return of property. The court denied the Motion to Reconsider. Weathers appealed.[4]

Weathers presents the following question for our review:

> Whether the trial court abused its discretion or committed an error of law in denying Mr. Weathers' motion for return of property, requesting the return of his cell phones, four pairs of boots, one yellow handbag, and CDs and DVDs, where Mr. Weathers clearly demonstrated his entitlement to lawful possession, but the Commonwealth made no effort to establish that such items were contraband, the Commonwealth never filed a motion for forfeiture, and forfeiture does not automatically ensue simply because a motion for return of property has been denied?

Weathers' Br. at 6.

Weathers argues that he is the lawful owner of two cell phones, four pairs of boots, one yellow handbag, and some undisclosed number of CDs and DVDs that "still remain in the possession of the Commonwealth via the Allegheny County Police Department." ***Id.*** at 29-30. Weathers argues that these items should be returned to him, as they were not established as contraband, and the Commonwealth never filed a motion for forfeiture. ***Id.*** at 25-26, 30-32 (citing Pa.R.Crim.P. 588, 18 Pa.C.S.A. § 4119(f), and 42

---

[4] Weathers did not immediately appeal. In October 2019, he filed an uncontested petition under the Post Conviction Relief Act ("PCRA") to reinstate his appellate rights *nunc pro tunc*, and the PCRA court granted relief.

Pa.C.S.A. § 5805). Weathers concedes that "the items that subjected him to prosecution for five counts[5] of Trademark Counterfeiting . . . cannot be returned." *Id.* at 28. However, Weathers emphasizes that the items he is requesting are separate from those items which gave rise to any criminal charges. *Id.* Weathers also argues that "the Commonwealth agreed on the record that Mr. Weathers was entitled to the return of these items." *Id.* at 34.

Weathers' issue is waived. In Weathers' counseled Motion for the Return of Property and his Motion to Reconsider, and in his argument before the court, he requested the return of the property associated with Counts 2, 3, and 4—shoes and boots bearing Nike, Ugg, and Timberland trademarks. Accordingly, the court's rulings on the Motions related only to these items. As Weathers acknowledges in his brief, these do not include the items he is now requesting.[6]

Although Weathers did list these items in his *pro se* motion, Weathers was represented by counsel at the time he filed the motion, and it was therefore not cognizable. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (stating "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion" (italics added)). While the court wrote on the face

---

[5] Including one count at a separate docket.

[6] In fact, the record does not reflect that the police seized a handbag or CDs or DVDs in the instant case. It appears the police may have confiscated these items in relation to a different case, which was tried at the same time as the instant case, and which Weathers has not appealed.

of Weathers' *pro se* Petition that it was denied, the record does not reflect that the court entertained the Petition on its merits. Weathers' Petition, insofar as the court may have entertained it, was superseded by his counseled Motion and argument at sentencing. As Weathers failed to raise the return of his cell phones, boots, handbag, and CDs and DVDs before the trial court, he has waived the issue for appellate review. Pa.R.A.P. 302(a).

Moreover, to the extent that Weathers' counsel made a broad request at the conclusion of trial for the return of any seized property that was unrelated to the charged counts, the court neither granted nor denied that request. Rather, it said it "assumed" the Commonwealth would return non-counterfeit items, and the parties then agreed to have a hearing on the issue at sentencing. Following such proceedings, the court found only specific items to be counterfeit, none of which are the items at issue. We are therefore unable to conclude the trial court erred.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/1/2020

- 6 -